### G. W. SHELDON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 6, 1903.)

No. 2,924.

1. CUSTOMS DUTIES—CLASSIFICATION—BONE SIZE—GLUE—SIMILITUDE.

So-called bone size, used for filling and softening corduroys, is held to be dutiable as an unenumerated manufactured article, under Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], and not as "glue," under paragraph 23 of said act (chapter 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], as resembling glue in material, quality, texture, or use, within the meaning of the so-called similitude clause in section 7 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

Appeal from a Decision of the Board of United States General Appraisers.

Application by G. W. Sheldon & Co., importers, to review the decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York. The merchandise consists of so-called bone size. The Board of General Appraisers found it to be similar in material and texture to glue, and held that it was dutiable as glue by similitude, as classified by the collector; this conclusion being in harmony with an earlier published decision of the board. In re O'Rourke, G. A. 349, T. D. 10,796. Evidence taken in the Circuit Court by the importers showed, however, that the article does not contain glue, while commercial glues contain from 60 to 95 per cent. of glue or gelatin.

Howard T. Walden, for importers.
Charles Duane Baker, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise in question here is what is known as "Vicker's Size," is used for filling and softening corduroys, and was assessed for duty by the collector of customs at 2½ cents a pound as glue, under paragraph 23 of the act of July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628]. The importers made various claims, but rely on the provision for a nonenumerated manufactured article at 20 per cent. ad valorem, under section 6 of the same act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]). The Board of General Appraisers held that the article was dutiable by assimilation to glue under paragraph 23 and under section 7 of the act of July 24, 1897 (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), on the ground that it was similar in material and texture to glue. The testimony taken after the decision by the board in this court shows that this article has none of the qualities of glue,

and does not contain glue, and is not similar to glue in material and texture. As it bears no substantial similarity to glue in material and texture, and has different uses, it is dutiable as claimed at 20 per cent. ad valorem, under section 6, as a nonenumerated manufactured article.

The decision of the Board of General Appraisers is reversed.